IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                               )
CAROLINE A. HENRICH,           )
                               )
          Plaintiff,           )
                               )
v.                             )     Civil Action No. 05-1488
                               )
JEANIE FALLS, et al.,          )
                               )
          Defendants.          )
_____)
```

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand and Defendants' Motion to Dismiss. Plaintiff filed suit against Defendants in the Circuit Court of Fairfax County on December 12, 2004, alleging malicious prosecution and intentional infliction of emotional distress. Defendants were served with process on December 15, 2005. Defendants James W. Lea III and Lea, Clyburn & Rhine (Lawyer Defendants) filed a Notice of Removal on December 21, 2005. The Lawyer Defendants based their Notice of Removal on 28 U.S.C. § 1332 (2000), as the amount in controversy exceeds $75,000, Plaintiff is a citizen of Delaware, and Defendants are citizens of North Carolina. Plaintiff claims that this matter should be remanded because Defendant Jeanie Falls (Falls) did not consent to the Lawyer Defendants' Notice of Removal. Defendants claim that Falls did consent to removal by filing a Motion to Dismiss on January 4, 2006, and having the

Lawyer Defendants represent in their Notice of Removal that Falls consented to removal.

The procedure for removal from a State court is provided in 28 U.S.C. § 1446. Section 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file ... a notice of removal signed pursuant to [Fed. R. Civ. P. 11]." 28 U.S.C. § 1446(a). In addition, § 1446 places two different time restraints on removal. First, all defendants must unanimously join in or consent to removal within thirty days of being served with the initial pleadings. 28 U.S.C. § 1446(b); see Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 640-41 (E.D. Va. 2003); Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 508 (E.D. Va. 1992), Adams v. Aero Servs. Int'l, Inc., 657 F. Supp. 519, 521 (E.D. Va. 1987); Mason v. Int'l Bus. Machs., 543 F. Supp. 444, 445-46 (M.D.N.C. 1982). Second, "a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than [one] year after commencement of the action." 28 U.S.C. § 1446(b); see Rashid v. Schenck Const. Co., Inc., 843 F. Supp. 1081, 1087 n.6 (S.D.W. Va. 1993).

Although each defendant must join in the removal, the defendants are not required to sign the same notice of removal. Section 1446 merely requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the time

restraints provided in § 1446(b). See Unicom, 262 F. Supp. 2d at 640-41; Creekmore, 797 F. Supp. at 508. Also, one defendant cannot represent in their notice of removal that a separate defendant has consented to removal. Each defendant must unambiguously voice his own consent to removal through a signed pleading in accordance with Fed. R. Civ. P. 11. See Dorsey v. Borg-Warner Automotive, Inc., 218 F. Supp. 2d 817, 819-20 (S.D.W. Va. 2002); Creekmore, 797 F. Supp. at 508-09; Mason, 543 F. Supp. at 445-46. Finally, courts must strictly construe § 1446 and resolve all doubts in favor of remanding the case to state court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

Falls did not consent to removal in the Lawyer Defendants' Notice of Removal. Prior to filing their Notice of Removal, the Lawyer Defendants discussed removal with Falls, and Falls allegedly agreed to removal. However, neither the Lawyer Defendants or counsel for the Lawyer Defendants represented Falls prior to the December 21, 2005, filing of the Lawyer Defendants' Notice of Removal. Falls did not sign the Lawyer Defendants' Notice of Removal or file a consent to the Lawyer Defendants' Notice of Removal. Therefore, any representation made in

the Lawyer Defendants' Notice of Removal as to Falls's consent to removal is invalid. See Dorsey, 218 F. Supp. at 819-20; Creekmore, 797 F. Supp. at 508-09; Mason, 543 F. Supp. at 445-46. Section 1446 expressly requires that Falls file a consent to removal in accordance with Fed. R. Civ. P. 11. Therefore, any consent to removal by Falls must have been in writing and signed by Falls or her attorney of record. These requirements were not satisfied, and the Lawyer Defendants' Notice of Removal does not constitute consent to removal on the part of Falls.

Likewise, Falls did not consent to removal by filing her Motion to Dismiss on January 4, 2006. First, Falls's Motion to Dismiss, which incorporates the Lawyer Defendants' Motion to Dismiss, is completely silent as to whether she consents to removal. Second, even if Falls had consented to removal in her Motion to Dismiss, it would be untimely. Falls's Motion to Dismiss was filed more than one year after the commencement of the action on December 15, 2004. 28 U.S.C. § 1446(b); see Rashid, 843 F. Supp. at 1087 n.6. However, even if the one year time limit imposed by § 1446(b) were not applied, Falls did not file a notice of consent to removal within thirty days of being served with process. Therefore, it appearing to the Court that Falls did not consent to the Lawyer Defendants' Notice of Removal, it is hereby

ORDERED that Plaintiff's Motion to Remand is GRANTED,

Defendants' Motion to Dismiss is DISMISSED as moot, and this case is REMANDED to the Circuit Court of Fairfax County.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February 13, 2006